NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LORENZO RAMIREZ QUINTERO, *Petitioner*.

No. 1 CA-CR 25-0466 PRPC

FILED 07-22-2026

Petition for Review from the superior court in Maricopa County
No. CR2001-012613
The Honorable James N. Drake, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Lorenzo Ramirez Quintero, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

**P A T O N**, Judge:

¶1        Petitioner Lorenzo Ramirez Quintero seeks review of the superior court's order dismissing his petition for post-conviction relief ("PCR") and the court's denial of his subsequent motion for reconsideration.  We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2002, a jury convicted Quintero of nine counts of sexual conduct with a minor, one count of sexual abuse, and two counts of child molestation.  The superior court sentenced Quintero to consecutive and concurrent terms of imprisonment totaling 174 years.  On appeal, we affirmed in part, vacated one conviction and sentence for child molestation, modified one conviction for sexual conduct with a minor, and remanded the modified conviction for resentencing.  Quintero's sentences now total 137 years' imprisonment.

¶3        This is Quintero's fifth successive PCR proceeding.[1]  Quintero asserted claims under Arizona Rules of Criminal Procedure ("Rule") 32.1(a), (e), (f), (g), and (h) in his notice requesting PCR.  He claimed the untimeliness of his Rule 32.1(a) claim was not his fault because he only recently discovered an "intervening case" indicating "evidence of improper elicitation of State" and did not raise the rest of his claims in his previous PCR proceedings because he was a "non-[E]nglish speaker," so the case was not available to him until a translator became available.

¶4        In his petition[2], Quintero argued the State committed "prosecutorial misconduct" by eliciting false or misleading testimony from its expert witness, Wendy Dutton, regarding her credentials, and his trial and appellate attorneys provided ineffective assistance by failing to investigate Dutton's credentials.  He specifically argued that she lied during her testimony when she said she hoped to finish her doctorate degree in a year, despite not having approval for or written her dissertation or completed her exams.  He contends his convictions were therefore obtained

---

[1] Quintero unsuccessfully petitioned for PCR in 2003, 2014, 2020, and 2023.

[2] We treat Quintero's Rule 32 filing as a PCR petition even though it is titled as a motion.  *See* Ariz. R. Crim. P. 32.3(b) ("If a court receives any type of application or request for relief—however titled—that challenges the validity of the defendant's conviction or sentence following a trial, it must treat the application as a petition for post-conviction relief.").

in violation of his constitutional right to due process. Quintero further argued the State presented improper profiling evidence.

¶5 The superior court dismissed his petition. It first found Quintero failed to adequately explain why the untimeliness of his notice requesting PCR was not his fault because he did not specify the name of the case that he claimed only recently became available to him. The court further found that his claims under Rule 32.1(a) were precluded because he had previously raised an ineffective assistance of counsel ("IAC") claim, and his other claims regarding "prosecutorial misconduct" and admissibility of evidence could have been raised on appeal. It then noted that the basis for Quintero's Rule 32.1(e) claim for "newly discovered evidence" was unclear, but if the alleged "newly discovered evidence" was evidence regarding Dutton's credentials, it was "cumulative and not material." Finally, it found Quintero failed to allege a significant change in law that would entitle him to relief or facts sufficient to establish that no reasonable fact-finder would find him guilty.

¶6 Quintero filed a motion for reconsideration, which the court summarily denied. Quintero then filed this petition for review.

**DISCUSSION**

¶7 "We review a court's ruling on a PCR petition for an abuse of discretion." *State v. Miles*, 243 Ariz. 511, 513, ¶ 7 (2018). "An abuse of discretion occurs if the [superior] court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). We will affirm the superior court's decision "if it is legally correct for any reason." *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

I. **The superior court did not err in dismissing Quintero's petition without a response from the State.**

¶8 Quintero argues the superior court abandoned its role as a neutral arbiter and exceeded its jurisdiction by dismissing his petition even though the State failed to respond. Not so. The superior court is not required to grant a petition for PCR merely because the State did not respond. *State v. Curtis*, 185 Ariz. 112, 115 (App. 1995) (holding the superior court may "screen[] and dismiss[] facially non-meritorious petitions, including those obviously precluded, without awaiting a response from the State"). Instead, the superior court is required to summarily dismiss a petition "[i]f, after identifying all precluded and untimely claims, the court determines that no remaining claim presents a material issue of fact or law

that would entitle the defendant to relief." Ariz. R. Crim. P. 32.11(a). And the superior court may find "an issue is precluded, even if the State does not raise preclusion." Ariz. R. Crim. P. 32.2(b). The court did not err in dismissing Quintero's petition without a response from the State because Quintero failed to raise any claim that would entitle him to relief.

## II. The superior court did not err in denying Quintero's motion for reconsideration without providing its reasons for doing so.

**¶9** Quintero further contends the superior court erred by denying his motion for reconsideration without providing any explanation. But Quintero cites no authority requiring a court to provide an explanation when denying a motion for reconsideration in a PCR proceeding, nor are we able to find one. *See* Ariz. R. Crim. P. 32.11 (describing the requirements for a court considering a PCR petition); Ariz. R. Crim. P. 32.14(e) (requiring the court to give reasons only when granting a motion for rehearing to amend its previous ruling). Indeed, the superior court is generally "not required to give reasons for discretionary rulings," *City of Phoenix v. Geyler*, 144 Ariz. 323, 329 n.3 (1985), and the "grant or denial of post-conviction relief is within the [superior] court's discretion," *State v. Watton*, 164 Ariz. 323, 325 (1990).

## III. Quintero's Rule 32.1(a) claims are both untimely and precluded.

**¶10** Quintero next argues the State committed "prosecutorial misconduct" by eliciting false testimony from Dutton regarding her credentials as an expert witness and failing to disclose information regarding her true credentials. He asserts that, as a result, his conviction was obtained in violation of his due process rights. He further alleges that his trial and appellate attorneys provided IAC by failing to adequately investigate Dutton's credentials.

**¶11** But these claims were untimely. Claims under Rule 32.1(a) that a conviction was obtained in violation of the federal and state constitutions must be brought "within 90 days after the oral pronouncement of sentence or within 30 days after the issuance of the mandate in the direct appeal, whichever is later," unless the superior court finds "the defendant adequately explain[ed] why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 32.4(b)(3)(A), (D). The superior court did not abuse its discretion by finding Quintero failed to adequately explain the untimeliness of his notice by vaguely asserting that, because he was a non-English speaker, an unspecified case had not been available to him until recently.

¶12　　　　Further, even if Quintero's claims were timely, they were nonetheless precluded. Rule 32.2(a)(2) precludes a defendant from relief based on grounds that were "finally adjudicated on the merits in an appeal or in any previous post-conviction proceeding." Rule 32.2(a)(3) further precludes a defendant from relief based on grounds that were "waived at trial or on appeal, or in any previous post-conviction proceeding, except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Quintero's "prosecutorial misconduct" claim is precluded under Rule 32.2(a)(3) because it was waived on appeal, and his IAC claim is precluded under Rule 32.2(a)(2) because it had been finally adjudicated on the merits in a previous PCR proceeding.

¶13　　　　Quintero urges that under *State v. Traverso*, 260 Ariz. 409 (2025), IAC claims "can be brought up in successive PCR petitions." But *Traverso* addressed preclusion under Rule 32.2(a)(3), not Rule 32.2(a)(2). 260 Ariz. at 414-15, ¶¶ 20-21. And it held, consistent with the language of Rule 32.2(a)(3), that an IAC claim may be brought in a successive PCR proceeding only if the claim is based on a "narrow category of rights" of "sufficient constitutional magnitude" that requires "knowing, voluntary, and personal waiver." *Id.* at 417, ¶ 36; Ariz. R. Crim. P. 32.2(a)(3). That "narrow category of rights" includes any right "so inherently personal that it cannot be waived by defense counsel; only the defendant can waive it," such as the rights to counsel, a jury trial, and a 12-person jury. *Id.* at 417-418, ¶ 36 (citation omitted). But counsel's investigation into a witness's credentials is not one such right. *State v. Sample*, 2 CA-CR 2014-0009-PR, 2014 WL 1921026, at \*\*1-2, ¶¶ 2, 6 (Ariz. App. May 13, 2014) (mem. decision) (IAC claim based on failure to investigate State's expert's background did not involve right of sufficient constitutional magnitude that required personal waiver). Therefore, even if Quintero's IAC claim was not precluded under Rule 32.2(a)(2), it would be precluded under Rule 32.2(a)(3) because it does not implicate a right of sufficient constitutional magnitude to fall under Rule 32.2(a)(3)'s exception.

## IV.　Quintero failed to state a colorable claim based on a significant change in the law.

¶14　　　　Finally, Quintero argues the State presented inadmissible profile evidence at trial. His PCR petition was unclear as to which of the Rule 32.1 grounds this argument fell under. The superior court analyzed it under Rule 32.1(a) and found it was waived because he failed to raise it on appeal. Quintero clarified in his motion for reconsideration that this was a claim under Rule 32.1(g) because *State v. Ketchner*, 236 Ariz. 262 (2014),

which held that certain profile evidence was inadmissible, constituted a significant change in the law.

**¶15**    Although a Rule 32.1(g) claim is not subject to preclusion under Rule 32.2(a)(3), Quintero has failed to state a colorable claim for relief. Rule 32.1(g) provides relief only when there has been a "significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." "[A] change in the law requires some transformative event, a 'clear break' from the past." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15 (2009) (citation omitted). *Ketchner* is not a "change in the law" — it merely applied prior case law regarding profile evidence to the domestic violence context. *Ketchner*, 236 Ariz. at 264-65, ¶¶ 15-18 (citing *State v. Lee*, 191 Ariz. 542, 544-45, ¶ 10 (1998)); *State v. Fuqua*, 1 CA-CR 16-0289, 2017 WL 3599760, at *7, ¶ 34 (Ariz. App. Aug. 22, 2017) (mem. decision) ("*Ketchner* is not a significant change in the law warranting post-conviction relief under Rule 32.1(g).").

## CONCLUSION

**¶16**    We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR